[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 19 March, 1993 Date of Application: 19 March, 1993 Date Application Filed: 19 March, 1993 Date of Decision: 24 May, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven at New Haven, CT Page 7097 Docket No. CR6-338625.
Susan Storey, Esq. For the Petitioner, Robert O'Brien, Esq. For the State of Connecticut.
BY THE DIVISION
The petitioner entered pleas to the crimes of Murder, in violation of Conn. Gen. Stat. § 53a-54a and Sexual Assault 1st in violation of Conn. Gen. Stat. § 53a-70. The court imposed a sentence of sixty years to serve on the Murder count and twenty years to serve on the Sexual Assault count. The sentences were to run concurrent to each other for a total effective sentence of sixty years to serve.
The records show that the petitioner's ex-girlfriend called the police after he had forcefully entered her apartment and refused to leave. When asked to leave the apartment the petitioner threatened with a knife. When the police arrived they found the murder victim in an adjacent apartment lying on her back in a pool of blood. The police investigation revealed that the victim died while struggling with the petitioner. The victim died of two stab wounds to the chest that penetrated the heart and aorta. The wounds caused the victim to bleed to death. The autopsy showed strong evidence of manual strangulation, a split upper lip, two possible broken upper front teeth and defensive wounds to her left hand. The autopsy also revealed that the victim had been murdered in the course of a sexual assault.
Counsel for the petitioner acknowledged that the plea bargained for by the petitioner left only five years to the courts discretion when imposing its sentence. Counsel argued that the court did not give enough weight to the mental state of the petitioner at the time of the crimes. She noted that the crimes here were totally out of character for the petitioner. It was pointed out to the panel that the petitioner's mother was a severally depressed person and that his father was an alcoholic. Counsel felt that the panel CT Page 7098 should reduce the sentence on the sexual assault arguing that there was no evidence of a forced sexual assault. Counsel felt that a total sentence of fifty-five years to serve was fair while sixty was not.
The petitioner when he spoke to the panel expressed his sorrow for his acts to the victim's family. He told the panel there was no excuse for his conduct.
The attorney for the state called the crimes the petitioner pled to horrendous. Counsel noted that the sentencing court took in consideration the victim's family remarks that indicated the specific mental and emotional harm to the family members from this tragic death. Contrary to petitioner's counsel remarks the attorney for the state argued there were sufficient evidence in the record to show that the sexual assault was forced on the victim. Counsel felt the court took into consideration all of the relevant factors and imposed a sentence that was not an abuse of the court's discretion. Counsel concluded by strongly urging affirmance of the sentence.
In reviewing the remarks of the sentencing judge we find that he took into consideration not only the poignant remarks of the victim's family but he also realized that the petitioner came from a troubled family. We find that the court balanced these competing interests in a intelligent and humane way. The petitioner's vicious conduct in imposing death in such a cruel and demented way merits the consideration by the sentencing judge of the higher range of penalty available. In light of the mandates of Practice Book § 942 the sentence imposed here on both counts was not inappropriate or disproportionate in light of the offenses committed and the need to protect the public.
THE SENTENCE IS AFFIRMED.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J., and Klaczak, J., participated in this hearing. CT Page 7099